In re:
DANIEL WILLIAM COOK and
YOLANDA T. COOK,
    Debtor(s).                      Case No. 7-04-17704 SA

DANIEL WILLIAM COOK,
    Plaintiff(s),
v.                                      Adversary No. 11-1074 S
WELLS FARGO BANK, N.A.,
 Successor to Wells Fargo Bank New Mexico, N.A.,
SCOTT GARRETT, Individually,
THE SCOTT GARRETT AND PAMELA JANE GARRETT TRUST
 Dated June 14, 1999,and
State of New Mexico, Second Judicial District
 Alan M Malott, Hon., or assigns,
 in their official capacity in
 State Court Case #CV-2003-08008,
    Defendant(s).

## MEMORANDUM OPINION IN SUPPORT OF
## ORDER DENYING INJUNCTIVE RELIEF

Plaintiff Daniel Cook filed this adversary proceeding on April 25, 2011 (doc 1). The adversary proceeding requests in part that the Court issue injunctive relief of varying degrees, starting with a temporary restraining order, to stay further proceedings in that certain civil action pending in the Second Judicial District Court, Bernalillo County, New Mexico, styled and numbered Trenchless Infrastructure Technologies, Inc. a/k/a Hydroscope Group, Inc., the Scott and Pamela Garrett Trust v. Daniel W. And Yolanda T. Cook, Hydroscope Group, and Wells Fargo Bank, Case No. CV-2003-0800 ("State Court Case"). For the reasons set forth below, the Court denies the request for

injunctive relief.[1]

This adversary proceeding, and particularly the request for injunctive relief, names as defendants the State of New Mexico and the Honorable Alan M. Malott, who is presiding over the State Court Case, as well as Wells Fargo Bank and the Garretts and the Garrett Trust. The complaint recites in part as follows:

> State of New Mexico, Second Judicial District (the "State") and the Honorable Alan M. Malott in his official capacity ("Judge Malott"), and or his assigns, are named as defendants in this Adversary **for the sole purpose** of prohibiting the State and Judge Malott or his assigns from adjudicating any and all matters in the State Court case, CV-2003-08008, on April 28, 2011 and thereafter that may affect Debtor's and creditors' interest in the Cooks Bankruptcy estate.

Id. at 2, ¶ 2 (emphasis in original). See also Count I request for relief. Id. at 18-19. In other words, Plaintiff asserts that the State Court Case cannot go forward because to do so violates the automatic stay imposed by 11 U.S.C. §362 with respect to property of the estate as well as property of the Plaintiff.

The Complaint basically reiterates arguments and requests for relief that have been presented to the Court in the context of the underlying bankruptcy case as well as a number of related adversary proceedings. The Court will not now repeat the unduly

---

[1] Given the disposition of the requested relief, the Court need not rule on the necessity or propriety of naming the district court judge presiding over the State Court Case or the State of New Mexico.

Page 2 of 5

lengthy and tangled procedural and substantive history of the long-running disputes between Plaintiff and the parties with whom he has been at war for the better part of a decade now. However, the Court notes that it entered its Memorandum Opinion (doc 884) in the chapter 7 case on April 6, 2011, disposing of several motions that Plaintiff as debtor had filed in the bankruptcy case[2], two of which addressed the same underlying claim that Plaintiff asserts in this adversary proceeding: that the other parties (and now District Judge Malott together with the State of New Mexico) will be in violation of the automatic stay if the parties and Judge Malott (continue to) adjudicate the claims of the estate or of Plaintiff.

> This Court entered numerous memorandum opinions and orders terminating and annulling the automatic stay, and orders confirming and clarifying the intent of those orders that all parties were free to pursue anything against anyone in the state court case, and validating all actions previously taken in the state court case. E.g., Doc 642, Order Resulting from Preliminary Hearing on Debtors' Motion for Sanctions and Damages for Willful Violation of the Automatic Stay ... , January 23, 2008 (Ruling that the actions complained of "do not violate the automatic stay."); doc 740, Order Granting Stay Relief (docs 679 and 712) ... , April 21, 2008 (Ordering that "[t]he automatic stay is both annulled, with respect to any proceedings that have taken place before the State District Court, and modified, with respect to any property in which either the estate or the Debtors claim an interest, such that any party is entitled to seek, or to continue

---

[2] The Court very shortly will be entering a memorandum opinion denying Plaintiff's April 18, 2011 Motion to Reconsider Dismissal of Sanctions Motions Against Well [sic] Fargo Bank and Garrett et al (Doc's 885 and 886). Doc 898.

> to seek, whatever state law or other remedies it wishes with respect to the property, including but not limited to adjudications of liability, lien rights and amounts owed.") This latter order did reserve the issue of whether there had been previous stay violations, as the parties were in the midst of briefing the issues. However, the Court later entered a September 15, 2008 Memorandum Opinion finding no violations of the automatic stay, and that the parties filing the three motions involved had no standing to pursue stay violations. Doc 798. (Memorandum Opinion on [three] Motions for Sanctions for Violation of the Automatic Stay).

Id. at 12-13.

The Memorandum Opinion also ruled that Plaintiff had no standing to assert a violation of the stay on behalf of the bankruptcy estate. Id. at 7-12.

Plaintiff also objects to the adjudication in the State Court Case of his interests in the estate, which is to say, of his property interests which would include any property that he exempted from the estate. Plaintiff asserts that there can be no adjudication with respect to his personal property until the bankruptcy case is closed.

> The Automatic Stay protects the debtors' [sic] interest in property until the Court enters a dismissal of the Cooks [sic] bankruptcy case.
> This Court has not entered a dismissal of the Cooks [sic] Bankruptcy case.

Id. at 15, ¶¶79 and 80. See also id. At 16, ¶83.

Plaintiff is mistaken. Section 362(c) provides in relevant part as follows:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues

Case 11-01074-s    Doc 5    Filed 04/26/11    Entered 04/26/11 15:28:25 Page 4 of 5

```
       until such property is no longer property of the
       estate;
   (2) the stay of any other act under subsection (a) of
       this section continues until the earliest of –
       (A) the time the case is closed;
       (B) the time the case is dismissed; or
       (C) if the case is a case under chapter 7 of this
           title concerning an individual ..., the time
           a discharge is granted or denied; ....
```

Plaintiff was granted a discharge on April 2, 2009 (doc 834). In consequence, it has been the case for at least a little more than two years now, that parties were free from the constraints of the automatic stay to contest with Debtor what rights he had to the property that he claimed as exempt.

In consequence, based on the extensive record in the underlying bankruptcy case and related adversary proceedings, there is no basis for issuing any injunctive relief whatever. An order will enter.

                                                    James S. Starzynski
                                                  United States Bankruptcy Judge

Date Entered on Docket: April 26, 2011

COPY TO:

| | |
|---|---|
| Daniel William Cook<br>920 Galeras Street NW<br>Albuquerque, NM 87120 | Philip J. Montoya, Esq.<br>Trustee<br>PO Box 159<br>Albuquerque, NM 87103 |
| Michelle Ostrye, Esq.<br>PO Box 1945<br>Albuquerque, NM 87103-1945 | The Honorable Alan M. Malott<br>2nd Judicial District Court,<br>Division XV<br>PO Box 488<br>Albuquerque, NM 87103-0488 |
| Chris W Pierce, Esq.<br>Hunt & Davis, P.C.<br>P.O. Box 30088<br>Albuquerque, NM 87190-0088 | |