UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK and
YOLANDA T. COOK,
    Debtor(s).                             Case No. 7-04-17704 SA

DANIEL WILLIAM COOK,
    Plaintiff(s),
v.                                             Adversary No. 11-1074 S
WELLS FARGO BANK, N.A.,
 Successor to Wells Fargo Bank New Mexico, N.A.,
SCOTT GARRETT, Individually,
THE SCOTT GARRETT AND PAMELA JANE GARRETT TRUST
 Dated June 14, 1999,and
State of New Mexico, Second Judicial District
 Alan M Malott, Hon., or assigns,
 in their official capacity in
 State Court Case #CV-2003-08008,
    Defendant(s).

## SUPPLEMENTAL AND AMENDED MEMORANDUM OPINION
## IN SUPPORT OF SECOND ORDER DENYING INJUNCTIVE RELIEF

    Plaintiff Daniel Cook filed this adversary proceeding on April 25, 2011 (doc 1). The adversary proceeding requests in part that the Court issue injunctive relief of varying degrees, starting with a temporary restraining order, to stay further proceedings in that certain civil action pending in the Second Judicial District Court, Bernalillo County, New Mexico, styled and numbered Trenchless Infrastructure Technologies, Inc. a/k/a Hydroscope Group, Inc., the Scott and Pamela Garrett Trust v. Daniel W. And Yolanda T. Cook, Hydroscope Group, and Wells Fargo Bank, Case No. CV-2003-0800 ("State Court Case"). In addition, Plaintiff has filed his Emergency Motion for Temporary Restraining Order and for Preliminary Injunction. Doc 8. Prior

to the docketing of the Emergency Motion, the Court issued a memorandum opinion and order denying the request for injunctive relief contained in the complaint. Docs 5 and 6 respectively. The Court has now also reviewed the Emergency Motion.[1] For the reasons set forth below, the Court still denies the request for injunctive relief.[2]

This adversary proceeding, and particularly the request for injunctive relief contained in both the complaint and the emergency motion, names as defendants (or respondents) the State of New Mexico and the Honorable Alan M. Malott, who is presiding

---

[1] As was apparent from Plaintiff's e-mail to the Court and parties, which was sent April 25, 2011 at 1.38 pm, before the complaint had been filed, Plaintiff anticipated filing a motion for emergency injunctive relief (consistent with Count I of the complaint) the following morning, on April 26. The emergency motion was in fact filed at 3.42 pm. In the meantime the Court issued the memorandum opinion and order denying injunctive relief, thinking that the State Court and the parties needed a decision as soon as reasonably possible that would let them know whether or not to continue to prepare for, and to appear at, the State Court hearing scheduled for Thursday, April 28, as described in the complaint and the emergency motion. Having now received and reviewed the emergency motion, including the Amended Affidavit of Daniel W. Cook (doc 902-1), the Court issues this supplemental and amended memorandum opinion.

[2] The emergency motion has the following wording immediately below the title of the motion: "(Emergency Hearing Requested for April 27, 2011 – w/ at least 3-hour notice - P:352-9700)". This notation is clearly a request for a hearing on the emergency motion to be conducted the day before the State Court hearing was scheduled to take place. However, this Court had the entire day scheduled for a trial on April 27, and in fact spent the entire day conducting the scheduled trial and a related matter. More to the point, however, is that the Court is able to make the decision on the merits of the request based on the available record, without the need for a hearing.

over the State Court Case[3], as well as Wells Fargo Bank and the Garretts and the Garrett Trust.  The complaint recites in part as follows:

> State of New Mexico, Second Judicial District (the "State") and the Honorable Alan M. Malott in his official capacity ("Judge Malott"), and or his assigns, are named as defendants in this Adversary **for the sole purpose** of prohibiting the State and Judge Malott or his assigns from adjudicating any and all matters in the State Court case, CV-2003-08008, on April 28, 2011 and thereafter that may affect Debtor's and creditors' interest in the Cooks Bankruptcy estate.

Id. at 2, ¶ 2 (emphasis in original).  See also Count I request for relief.  Id. at 18-19.  In other words, Plaintiff asserts that the State Court Case cannot go forward because to do so violates the automatic stay imposed by 11 U.S.C. §362 with respect to property of the estate as well as property of Plaintiff.

The Complaint basically reiterates arguments and requests for relief that have been presented to the Court in the context of the underlying bankruptcy case as well as a number of related adversary proceedings.  The Court will not now repeat the unduly lengthy and tangled procedural and substantive history of the long-running disputes between Plaintiff and the parties with whom he has been at war for the better part of a decade now.

---

[3] Given the disposition of the requested relief, the Court need not rule on the necessity or propriety of naming the district court judge presiding over the State Court Case or the State of New Mexico.

However, the Court notes that it entered its Memorandum Opinion (doc 884) in the chapter 7 case on April 6, 2011, disposing of several motions that Plaintiff as debtor had filed in the bankruptcy case[4], two of which addressed the same underlying claim that Plaintiff asserts in this adversary proceeding: that the other parties (and now District Judge Malott together with the State of New Mexico) will be in violation of the automatic stay if the parties and Judge Malott (continue to) adjudicate the claims of the estate or of Plaintiff.

> This Court entered numerous memorandum opinions and orders terminating and annulling the automatic stay, and orders confirming and clarifying the intent of those orders that all parties were free to pursue anything against anyone in the state court case, and validating all actions previously taken in the state court case. E.g., Doc 642, Order Resulting from Preliminary Hearing on Debtors' Motion for Sanctions and Damages for Willful Violation of the Automatic Stay ... , January 23, 2008 (Ruling that the actions complained of "do not violate the automatic stay."); doc 740, Order Granting Stay Relief (docs 679 and 712) ... , April 21, 2008 (Ordering that "[t]he automatic stay is both annulled, with respect to any proceedings that have taken place before the State District Court, and modified, with respect to any property in which either the estate or the Debtors claim an interest, such that any party is entitled to seek, or to continue to seek, whatever state law or other remedies it wishes with respect to the property, including but not limited to adjudications of liability, lien rights and amounts owed.") This latter order did reserve the issue of

---

[4] The Court shortly will be entering a memorandum opinion denying Plaintiff's April 20, 2011 Amended Motion to Reconsider Dismissal of Sanctions Motions Against Well [sic] Fargo Bank and Garrett et al (Doc's 885 and 886). Doc 902. The Court had been preparing a ruling on the Motion to Reconsider (doc 898) when the Amended motion to reconsider (doc 902) was filed two days later.

> whether there had been previous stay violations, as the
> parties were in the midst of briefing the issues.
> However, the Court later entered a September 15, 2008
> Memorandum Opinion finding no violations of the
> automatic stay, and that the parties filing the three
> motions involved had no standing to pursue stay
> violations. Doc 798. (Memorandum Opinion on [three]
> Motions for Sanctions for Violation of the Automatic
> Stay).

Id. at 12-13.

The Memorandum Opinion also ruled that Plaintiff had no standing to assert a violation of the stay on behalf of the bankruptcy estate. Id. at 7-12.

Plaintiff also objects to the adjudication in the State Court Case of his interests in the estate, which is to say, of his property interests which would include any property that he exempted from the estate. Plaintiff asserts that there can be no adjudication with respect to his personal property until the bankruptcy case is closed.

> The Automatic Stay protects the debtors' [sic] interest
> in property until the Court enters a dismissal of the
> Cooks [sic] bankruptcy case.
> This Court has not entered a dismissal of the Cooks
> [sic] Bankruptcy case.

Id. at 15, ¶¶79 and 80. See also id. at 16, ¶83.

Plaintiff is mistaken. Section 362(c) provides in relevant part as follows:

> (1) the stay of an act against property of the estate
>     under subsection (a) of this section continues
>     until such property is no longer property of the
>     estate;
> (2) the stay of any other act under subsection (a) of
>     this section continues until the earliest of –

Page 5 of 10

>           (A) the time the case is closed;
>           (B) the time the case is dismissed; or
>           (C) if the case is a case under chapter 7 of this
>               title concerning an individual ..., <u>the time
>               a discharge is granted or denied</u>; ....

(Emphasis added.)

Plaintiff was granted a discharge on April 2, 2009 (doc 834). In consequence, it has been the case for at least a little more than two years now, based on the statute alone, that parties were free from the constraints of the automatic stay to contest with Debtor what rights he had to the property that he claimed as exempt.

Beyond that, however, <u>see</u> docket entries 740 (Order Granting Stay Relief, filed April 21,2008), which ordered:

> The automatic stay is both annulled ... and modified,
> with respect to any property in which either the estate
> or the Debtors claim an interest, such that any party
> is entitled to seek, or to continue to seek, whatever
> state law or other remedies it wishes with respect to
> the property, including but not limited to
> adjudications of liability, lien rights and amounts
> owed.);

741 (Minutes of April 17, 2008 hearing at which automatic stay was modified and annulled); 773 (Order Reiterating, Clarifying and Expanding As Needed April 21, 2008 Order Granting Stay Relief and Other Relief, filed August 5, 2008); 819 (Order Denying Motion for Reconsideration of Order Granting Relief from Stay, filed October 8, 2008). In other words, no later than April 21, 2008, the stay had been modified and annulled completely so that

there was no bar, and in effect had not been any bar[5], to litigating in state court any aspect of any property, whether owned by Debtor, the estate, or any other party.

What Plaintiff fundamentally ignores, however, is that the State Court Case was pending before the chapter 11 petition was filed (state court case no. CV-2003-08008), that after the filing of the chapter 11 petition (04-17704-11) Plaintiff as debtor in possession filed an adversary proceeding in this Court (04-1204) raising the same issues as the pending State Court Case, that the United States District Court accepted this Court's recommendation of abstention, and therefore the State Court Case may go forward in the Second Judicial District Court. Combined with the orders issued by this Court modifying and annulling the automatic stay to permit any party to litigate in the State Court Case any issue with respect to ownership of (including liens on) assets, there is no impediment to the Second Judicial District Court

---

[5] The effect of annulling the stay is to retroactively validate actions that would or might otherwise be void by virtue of violating the automatic stay.
> "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." <u>Schwartz v. United States (In re Schwartz)</u>, 954 F.2d 569, 572 (9th Cir.1992). By annulling the automatic stay, a court can validate an otherwise invalid transaction. <u>Algeran, Inc. v. Advance Ross Corp.</u>, 759 F.2d 1421, 1425 (9th Cir.1985) ( Nunc pro tunc effect of order of annulment validated foreclosure sale.)

<u>Palm v. Klapperman (In re Cady)</u>, 266 B.R. 172, 178 (9th Cir. BAP 2001).

adjudicating all the issues. And even though a bankruptcy court, acting as a unit of the United States District Court, 28 U.S.C. §151, has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate," 28 U.S.C. §1334(e)(1), the order for abstention and the orders modifying the stay provided the requisite authority for the interests of Plaintiff, the estate and the third parties to be adjudicated in the State Court Action.

> When a bankruptcy court abstains and permits state courts to handle pending litigation, the parties must thereafter look to the state courts to handle their complete dispute and may not drag selected issues back to the bankruptcy forum years later.

In re Zurn, 290 F.3d 861, 864 (7th Cir. 2002).

Plaintiff's request for injunctive relief is also bottomed on an additional misconception; namely, that there is some "reorganization" that is ongoing. Once the case was converted to a chapter 7 liquidation case, there was no more reorganization of the estate or of Debtor's/Plaintiff's financial affairs, as that term is used in bankruptcy practice, including cases such as Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.), 25 B.R. 1018 (Bankr. D.N.M. 1982). "Reorganization" in the context of a chapter 11 case means that the estate (under the control of a debtor in possession or a chapter 11 trustee) over time makes payments to some or all of the creditors of the

estate, either by a continued operation of the business of the reorganized debtor or by a measured liquidation of the estate. This is no longer a chapter 11 case; it is a chapter 7 case, under the control of chapter 7 trustee, whose role is to monetize those non-exempt assets that are worth administering, pay claims with the funds so acquired (and there usually are none), and then close the case.  Plaintiff's statements about reorganizing his personal finances may be true as applied to him personally, but they are not the "reorganization" contemplated by cases such as <u>Otero Mills</u>.  And while Plaintiff is perfectly free to repay any claims of creditors (or other parties) that he wishes to pay, 11 U.S.C. §524(f) ("Nothing contained in subsection (c) or (d) [of §524, which is titled "Effect of discharge"] prevents a debtor from voluntarily repaying any debt."), he most certainly will not be doing that in the pending bankruptcy case.  Thus, Plaintiff's citations to and analysis of Tenth Circuit law on injunctive relief, as accurate as they may be, are simply not applicable to these facts and need not be considered.

In consequence, based on the extensive record in the underlying bankruptcy case and related adversary proceedings, there is no basis for issuing any injunctive relief whatever. Nor is there a basis for conducting an emergency hearing on the request for injunctive relief.  An order will enter.



Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:   April 28, 2011

COPY TO:

Daniel William Cook
920 Galeras Street NW
Albuquerque, NM 87120

Michelle Ostrye, Esq.
PO Box 1945
Albuquerque, NM 87103-1945

Chris W Pierce, Esq.
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088

Philip J. Montoya, Esq.
Trustee
PO Box 159
Albuquerque, NM 87103

The Honorable Alan M. Malott
2nd Judicial District Court, Division XV
PO Box 488
Albuquerque, NM 87103-0488

Case 11-01074-s    Doc 9    Filed 04/28/11    Entered 04/28/11 14:08:42 Page 10 of 10